**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EARL P. DOUGLAS, #1384439,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-0529-N** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this cause has been referred to the United States Magistrate Judge. The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate

pursuant to 28 U.S.C. § 2254.

Parties: At the time of filing this action, Petitioner was incarcerated within the Texas

Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He is presently

residing in Frisco, Texas. Respondent is the Director of TDCJ-CID. The court issued process in

this case.

Statement of the Case: On January 17, 2003, Petitioner pled guilty to attempted

kidnaping in Cause No. F02-42760 pursuant to a plea agreement. The court deferred

adjudicating Petitioner guilty and placed him on probation for a period of five years. In 2006 the

state filed a motion to proceed with an adjudication of guilt. Following a hearing, the court

found the allegations in the state's motion to be true and revoked Petitioner's probation.

Subsequently, on August 18, 2006, the court entered a judgment adjudicating Petitioner guilty and sentencing him to two years of imprisonment. Petitioner did not appeal.

On March 27, 2008, after exhausting his state court remedies, Petitioner filed this timely federal petition alleging that his deferred adjudication probation was wrongly revoked in violation of his due process rights.

In response to the court's show cause order, Respondent filed an answer along with the state court record, contending the petition should be denied on the merits. Petitioner did not respond or otherwise contact the court until his faxed letter of September 10, 2008, in which he informed the court that he was released from confinement on August 13, 2008.

On September 12, 2008, the court ordered Petitioner to show cause why his petition should not be dismissed as moot. In his response letter, filed October 2, 2008, Petitioner requests monetary compensation for the pain and suffering and loss of revenue that he endured as a result of the revocation of his probation.

Findings and Conclusions: Petitioner's release from confinement requires the court to examine *sua sponte* whether it continues to have jurisdiction over the instant action. *See* Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395, 110 S. Ct. 1202, 1208 (1980). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998) (quoting *Lewis v. Continental Bank Corp*, 494

U.S. 472, 477-78, 110 S. Ct. 1249, 1254 (1990)). "This means that, through out the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477, 110 S. Ct. at 1253).

A habeas petitioner who has been released from imprisonment subsequent to the filing of a § 2254 petition must establish that "some 'collateral consequence' of the conviction" exists. *Id.* While the Supreme Court has been willing to presume that a wrongful conviction has continuing collateral consequences, such a presumption does not extend to parole revocations. *See id.* at 8-14, 118 S.Ct. at 983-86. Thus, a petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the underlying sentence has expired or if the term imposed for violating parole has been served. *See id* at 14, 118 S. Ct. at 986. In *Spencer*, the Supreme Court found that claims of detriment in a future parole proceeding stemming from the same criminal case, in a sentencing proceeding stemming from a future criminal case, or in a subsequent proceeding in which the petitioner might appear as a witness or defendant, do not constitute sufficient proof of collateral consequences. *Id.* at 14-16, 118 S.Ct. at 986-87.

This court sees no meaningful distinction between expired parole revocation sentences and expired probation revocation sentences for purposes of the mootness analysis.

Like *Spencer*, Petitioner does not attack the validity of his underlying criminal conviction. His petition only challenges the revocation of his deferred adjudication. Since Petitioner is no longer subjected to the two-year term of imprisonment imposed as a result of his probation revocation, his petition no longer presents a case or controversy over which this court

has jurisdiction. Nor has he shown that he suffers continuing collateral consequences flowing from the probation revocation. Petitioner's October 2, 2008 letter response presents no concrete injuries-in-fact sufficient to satisfy Article III's case or controversy requirement. His letter which arguable seeks monetary compensation for the pain and suffering as a result of the revocation of his probation fails to present cognizable grounds for habeas corpus relief. Accordingly, Petitioner's claims are moot and his petition should be dismissed.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DISMISS the petition for a writ of habeas corpus for want of jurisdiction the same being moot.

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 22nd day of October, 2008.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.